UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00744-FDW-SCR

| HENRY JONES, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | **ORDER** |
| v. | ) |  |
|  | ) |  |
| HENDERSON PROPERTIES, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on Defendant's partial Motion to Dismiss the first, second, third, fourth, and sixth causes of actions and the punitive damages claim for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules for Civil Procedure. (Doc. No. 4) This matter has been fully briefed (Doc. Nos. 4, 9, 10) and is ripe for ruling. For the reasons set forth below, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**.

I.     BACKGROUND

On September 8, 2023, Plaintiff filed a complaint in Mecklenburg County Superior Court against Defendant Henderson Properties, Inc. (Doc. No. 4, p. 1.) On November 7, 2023, the complaint was removed to this Court. (Doc. No. 1.) According to the Complaint, Plaintiff began working for Defendant as an accountant in January 2022. (Doc. No. 4, p. 2.) Plaintiff alleges being advised of racially charged comments made by white co-workers that Plaintiff was "incompetent, arrogant, combative, and unappealing to work with." (Id., p. 3.) Additionally, Plaintiff alleges while gathering at Defendant's car to attend a birthday lunch, a supervisor announced "all Black people to the back" within hearing distance of his co-workers, without any repercussions from Defendant owner. (Id., p. 4.) Plaintiff alleges filing a complaint with human resources and his

1

supervisors regarding both incidents and neither took further action. Id. After reporting the incident, Plaintiff alleges receiving a below average performance rating that adversely affected his compensation. Id.

Plaintiff further alleges a supervisor and the owner were "building a case" against him by manipulating Plaintiff's performance evaluations, monitoring Plaintiff's actions at work, tracking his time of arrival and departure, and requiring he clock in separately if he arrived to work with a group of his co-workers. (Id., p. 5.) According to Plaintiff, these events, combined with the lack of support from his white co-workers at all levels, caused him to suffer severe mental distress in the form of anxiety, paranoia, and helplessness. Id. Plaintiff alleges a supervisor purposely avoided giving him any clear work objectives and later terminated him for not meeting these same objectives. Id.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides a claim may be dismissed for failure to state a claim upon which relief can be granted. In conducting a Rule 12(b)(6) inquiry, the court must determine if the pleader's allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a motion to dismiss, the factual allegations in the pleading must suffice to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a pleading will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The court

2

must draw all reasonable factual inferences in favor of the party asserting the claim. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pled factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

### III. ANALYSIS

Plaintiff alleges six causes of actions: (1) intentional infliction of emotional distress[1] ("IIED"), (2) race discrimination in violation of 42 U.S.C. § 1981, (3) violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), (4) hostile work environment, (5) retaliation, and (6) wrongful discharge in Violation of N.C.G.S. §§ 143-422, et seq. Plaintiff also requests punitive damages. Defendant has moved to dismiss all claims excluding retaliation. The Court will address each cause of action separately.

### A. Intentional Infliction of Emotional Distress

First, Defendant contends Plaintiff's IIED claim should be dismissed pursuant to Rule 12(b)(6). To prove a claim of IIED, Plaintiff must show: "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress. Clark v. Clark, 280 N.C. App. 403 (quoting Norton v. Scotland Mem'l Hosp. Inc., 250 N.C. App 397, 297 (2016)). Extreme and outrageous conduct is conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in

---

[1] Plaintiff's Verified Complaint labeled this cause of action "Outrage." However, no such claim is recognized under North Carolina or Federal law. Plaintiff's brief refers to this claim as IIED, and the Court will construe Plaintiff's Complaint to allege this instead.

3

a civilized community." Briggs v. Rosenthal, 73 N.C. App. 672, 677, cert. denied, 314 N.C. 114 (1985). "It is a question of law for the court to determine, from the materials before it, whether the conduct complained of may reasonably be found to be sufficiently outrageous." Brown v. Whole Foods Mkt. Grp., Inc., 2022 WL 895166, at *5 (W.D.N.C. Mar. 25, 2022), aff'd, No. 22-1860, 2023 WL 6442917 (4th Cir. Oct. 3, 2023). Severe emotional distress refers to "any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." Waddle v. Sparks, 331 N.C. 73, 414 (1992) (citing Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A., 327 N.C. 283, 304 (1990)). Furthermore, "it is for the court to determine whether on the evidence severe emotional distress can be found. Id. at 28 (citing Restatement (Second) of Torts § 46 (1965)).

This Court finds Plaintiff's allegations of the supervisor announcing "all Black people to the back" in front of other co-workers sufficient to satisfy the Rule 12(b)(6) standard. Although Defendant notes this is a very high standard, especially in the employment setting, several factors in this context support this conclusion. See Brown, 2022 WL 895166, at *6 (considering whether conduct was "extreme and outrageous" based on "the relation between the parties," and "the particular environment where the conduct took place."). Here, the alleged racial slur occurred in front of the owner and other employees. (Doc. No. 4, p. 4.) Furthermore, the owner took no action after hearing the alleged slur. Id. Taken as true, these factors give rise to a reasonable inference that Defendant's conduct was "extreme and outrageous."

Regarding the "severe emotional distress" element, Plaintiff alleges he experienced "severe mental distress in the form of anxiety, paranoia, and helplessness." (Doc. No. 4, p. 5.) Drawing all reasonable inferences in Plaintiff's favor, these allegations are sufficient to plausibly allege the

4

existence of "severe emotional distress" as these conditions, taken together, are certainly diagnosable by mental health professionals and can be severe or disabling. Plaintiff is entitled to at least present evidence of the severity of these claims through discovery. Therefore, Defendant's Motion to Dismiss as to Plaintiff's claim for IIED is DENIED.

**B.     Race Discrimination**

Next, Defendant contends Plaintiff's claims based on race discrimination under 42 U.S.C. § 1981, Title VII, and N.C.G.S. §§ 143-422, et seq., should be dismissed pursuant to Rule 12(b)(6). Absent direct evidence of discrimination, a plaintiff may raise an inference of discrimination from an adverse employment action violating Title VII through the McDonnel Douglas burden-shifting framework. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Giles v. Nat'l R.R. Passenger Corp., 59 F.4th 696, 703 (4th Cir. 2023) ("When addressing race-discrimination claims under § 1981, courts apply the burden shifting framework established in McDonnel Douglas."); Brewer v. Cabarrus Plastics, Inc., 146 N.C. App. 82, 85 (4th Cir. 2001) ("[P]laintiff's state claims alleging discrimination and retaliation in violation of the Equal Employment Practices Act, N.C. Gen. Stat. § 143143-422., et seq., are [] analyzed under federal law.").

Under the McDonnel Douglas framework, a plaintiff must plausibly allege: (1) he is a member of a protected class, (2) he "suffered an adverse employment action"; (3) at the time of the action, he was performing his job satisfactorily, and (4) similarly situated employees outside of the protected class were treated more favorably. Moody v. Arc of Howard Cnty., Inc., 474 F. App'x 947, 949 (4th Cir. 2012) (citing McDonnel Douglas Corp., 411 U.S. at 802). A plaintiff is not required to identify a similarly situated comparator to prove the fourth element so long as he can establish an inference of unlawful discrimination through "evidence of a general pattern of racial discrimination in the practices of a defendant." Woods v. City of Greensboro, 855 F.3d 639,

5

649 (4th Cir. 2017). If a plaintiff seeks to identify a similarly situated employee, evidence must show they "dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." Haywood v. Locke, 387 F. App'x 355, 359 (4th Cir. 2010) (quoting Mitchell v. Toledo Hosp., 964 F.2d 577, 583 (6th Cir. 1992)).

Here, Plaintiff asserts he is not required to identify a similarly situated comparator and, instead, alleges two instances suggesting a general pattern of racial discrimination to satisfy the fourth element: (1) comments made by co-workers that Plaintiff was "arrogant, combative, and unappealing to work with," (Doc. No. 1, p. 3); and (2) while gathering at Defendant owner's car to attend a birthday lunch, a supervisor announced "all Black people to the back" within hearing distance of everyone, without any repercussions from Defendant owner. (Doc. No. 1, p. 4.) Regarding the first instance, although Plaintiff alleges the comments were racially motivated, nothing in the verified complaint supports this allegation other than Plaintiff's own conclusion. Without other facts, this conclusion falls short of what Iqbal and Twombly require and, accordingly, does not suggest a general pattern of racial discrimination. See Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 556. Furthermore, because the first instance is conclusory, it cannot be woven together with the second instance to suggest a general pattern of discrimination. See Lemon v. Myers Bigel, P.A., 985 F.3d 392, 400 (4th Cir. 2021) (noting conclusory allegations cannot be combined with a single factual allegation to suggest a pattern of racial discrimination).

Without a general pattern of racial discrimination, Plaintiff must identify a similarly situated comparator who is both treated more favorably than Plaintiff and outside of the protected class. Plaintiff's allegations fail to identify any such comparator. Instead, Plaintiff only alleges the

conduct complained of encompasses a general level of courtesy afforded to all employees. (Doc. No. 9, p. 8.) This allegation fails to plausibly identify an employee who meets the similarly situated standard in Haywood, as Plaintiff alleges no facts suggesting any other employee is "subject to the same standards" and "engaged in the same conduct" as Plaintiff. Haywood, 387 F. App'x at 359. Without more, Plaintiff's allegation regarding the similarly situated employee does not satisfy Rule 12(b)(6).

Plaintiff also relies on Laurent-Workman v. Wormuth to support his claim of hostile work environment. 54 F. 4th 201 (4th Cir. 2022). However, Laurent-Workman is distinguishable from this case. The Court in Laurent-Workman found race-based discrimination in violation of Title VII due to "repeated invectives of an overtly racial tenor." Id. at 212. Here, Plaintiff has only alleged facts to support a single instance of a racially motivated invective. While the comment is certainly reprehensible, "[h]ostile environment claims . . . [by their] very nature involve [] repeated conduct." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002). Therefore, Defendant's Motion to Dismiss Plaintiff's claim for unlawful discrimination pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and N.C.G.S. §§ 143-422, et seq., is GRANTED.

**C.     Hostile Work Environment**

Defendant also contends Plaintiff's hostile work environment claim under Title VII should be dismissed pursuant to Rule 12(b)(6). To succeed on a hostile-work-environment claim, "a plaintiff must show that there is (1) unwelcome conduct; (2) that is based on the plaintiff's . . . race; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 276–77 (4th Cir. 2015). The severe or pervasive conduct which gives rise to an abusive work environment must be both objectively and

subjectively "hostile" and "abusive." Harris v. Forklift Sys., Inc, 510 U.S. 17, 21–22, 114 (1993) (requiring plaintiff prove "the environment would reasonably be perceived, and is perceived, as hostile or abusive"). Objective analysis of whether a workplace is hostile and abusive looks to "all the circumstances," including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Boyer-Liberto, 786 F.3d at 277. However, the ultimate inquiry is whether the conduct is so "extreme" that it "amount[s] to a change in the terms and conditions of employment." Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998). Even conduct that would objectively cause hurt feelings or offense is not enough to be severe or pervasive. EEOC v. Sunbelt Rentals, Inc., 521 F.3d 306, 315 (4th Cir. 2008).

Here, Plaintiff contends he experienced unwelcome harassment based on his race in two instances: (1) when the owners were "building a case" against him by manipulating Plaintiff's performance evaluations, monitoring Plaintiff's actions at work, tracking his time of arrival and departure, and requiring him to clock in separately if he arrived to work with a group of his co-workers, (Doc. No. 1, p. 5); and (2) while gathering at Defendant owner's car to attend a birthday lunch, a supervisor announced "all Black people to the back" within hearing distance of his co-workers, without any repercussions from Defendant owner. (Id., p. 4.) Notably, Plaintiff fails to direct the Court to any evidence suggesting the first conduct cited was based on his race. Prince-Garrison v. Md. Dept. of Health and Mental Hygiene, 317 F. App'x 351, 354 (4th Cir. 2009) ("[C]onclusory allegations of discrimination on the basis of race, gender, and national origin [are] inadequate to state a claim."); see also Hawkins v. PepsiCo, Inc., 203 F.3d 274, 281 (4th Cir. 2000) (noting a "showing of a difference of opinion, coupled with [the plaintiff's] conclusory

8

allegations of racism, cannot reasonably support the conclusion that [the plaintiff's] discharge was motivated by racial animus.").

Additionally, Plaintiff's reliance on Jackson-Brown v. Tech. & Project Eng'g Servs., LLC, does very little to support his claim. 2014 WL 7272887 (E.D. Va. Dec. 17, 2014). In Jackson-Brown, the plaintiff alleged a hostile work environment claim due to increased monitoring in daily activities and frequent deadlines that were difficult to meet. Id. at *2. There, the court found the allegations to be "typical workplace functions" insufficient to meet the standard for a hostile work environment. Id. at *6. This Court finds no reason to distinguish Plaintiffs allegations regarding his work conditions from Jackson-Brown. Therefore, Plaintiffs altered work conditions do not support a claim for hostile work environment.

The second instance, while reprehensible, is a one-time and isolated comment that fails to demonstrate Plaintiff's "workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or persuasive to alter the conditions of [his] employment and create an abusive working environment." Harris, 510 U.S. at 21 (internal quotation marks and citations omitted); Montano v. INOVA Health Care Servs., 2008 WL 4905982, at *3 (E.D. Va. Nov. 12, 2008) ("Courts have found the existence of racially hostile workplace based on verbal harassment only in instances where unambiguous racial epithets . . . were uttered with recurring frequency."). Therefore, Defendant's Motion to Dismiss Plaintiff's Hostile Work Environment claim under Title VII is GRANTED.

**D.  Punitive Damages**

Finally, Defendant contends Plaintiff's claim for punitive damages under Title VII should be dismissed. Title VII authorizes punitive damages only when a plaintiff makes two showings. First, the plaintiff must show the employer "engaged in unlawful intentional discrimination."

9

Ward v. AutoZoners, LLC, 958 F.3d 254, 263 (4th Cir. 2020) (quoting 42 U.S.C. § 1981(a)(1). Second, the plaintiff must show the employer engaged in the discriminatory practice "with malice or with reckless indifference to the federally protected rights of an aggrieved individual." Id. (quoting 42 U.S.C. § 1981(b)(1)).

Under Plaintiff's remaining claims, Plaintiff has sufficiently alleged facts to support a claim for punitive damages. At this early stage, these allegations sufficiently establish a plausible basis for punitive damages. Therefore, Defendant's Motion to Dismiss Plaintiff's claim for punitive damages is DENIED.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 4),

(1) Plaintiff's claim for IIED is **DENIED**;

(2) Plaintiff's claim for Discrimination under 42 U.S.C. § 1981, Title VII, and N.C.G.S. §§ 143-422, et seq., is **GRANTED**;

(3) Plaintiff's claim for Hostile Work Environment is **GRANTED**; and

(4) Plaintiff's claim for punitive damages is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 3, 2024

Frank D. Whitney
United States District Judge